UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT E. CARUSO and SANDRA L. FERGUSON, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON STATE BAR ASSOCIATION, *et al.*, <br><br> Defendants. | Case No. C17-003 RSM <br><br> ORDER GRANTING MOTION TO DISMISS |

## I.   INTRODUCTION

This matter comes before the Court on the Motion to Dismiss filed by Defendants Washington State Bar Association ("WSBA") and WSBA officials.  Dkt. #16.  Plaintiffs Robert E. Caruso and Sandra L. Ferguson oppose this Motion.  Dkt. #18.  For the reasons stated below, the Court GRANTS Defendants' Motion, dismisses Plaintiffs' claims without leave to amend, and DENIES as MOOT Plaintiffs' other pending motions.

## II.  BACKGROUND

This case was filed on January 3, 2017, initially as a putative class action on behalf of all WSBA members, naming Plaintiffs Robert E. Caruso and Sandra L. Ferguson as class representatives. *See id.* at 11. On February 21, Plaintiffs filed a First Amended Complaint, which asserts individual claims on behalf of Plaintiffs Caruso and Ferguson, abandoning all

class claims. *See* Dkt. # 4. Plaintiffs' Amended Complaint describes Defendants as: (1) "Washington State Bar Association 1933," an entity Plaintiffs allege is "the Washington State Bar Association created by the State Bar Act, Wash. Sess. ch. 94, 1933 and prior to the amendments made to its Bylaws by the WSBA 1933 Board of Governors the afternoon of September 30, 2016;" (2) "Washington State Bar Association 2017," an entity Plaintiffs allege is "the Washington State Bar Association created by amendments made to Bylaws of the WSBA 1933 by the WSBA 1933 Board of Governors on September 30, 2016;" and (3-21) various WSBA officials. *Id.* at 1-3. Plaintiffs Caruso and Ferguson are licensed attorneys under the laws of the State of Washington and each "is a member of the WSBA."[1] *Id*. at 5.

Plaintiffs' First Cause of Action is for declaratory judgment and seeks, in part, an injunction "enjoining Defendants from compelling Plaintiffs to be a members (sic) of the WSBA 2017 and from compelling Plaintiffs to pay dues to the WSBA 2017." *Id.* at 32. Plaintiffs' Second Cause of Action is brought under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments to the U.S. Constitution for being "compelled to be a members (sic) of WSBA 1933 or WSBA 2017." *Id*. Plaintiffs' Third Cause of Action is similarly brought under the First and Fourteenth Amendments as "[c]ompulsory dues violate Plaintiffs' right of freedom of speech, including the freedom not to speak and to not be forced to finance speech…" *Id*. at 33. Plaintiffs' Fourth Cause of Action is titled "WSBA Discipline System No Longer Exists." *Id*. at 34-35. Plaintiffs' Fifth Cause of Action alleges that the WSBA discipline system violates constitutional due process. *Id*. at 35. Plaintiffs' Sixth Cause of Action alleges that the WSBA discipline system deprives Plaintiffs' rights "under the doctrine

---

[1] Plaintiffs do not argue they are members of the "WSBA 1933" or "WSBA 2017" in their description of themselves—simply that they are WSBA members. The Court notes that Plaintiffs' attorney Stephen Eugster similarly lists his "WSBA #" under his signature without clarifying that he is a member of one or the other defendant entity. Dkt. #4 at 39.

ORDER GRANTING MOTION TO DISMISS - 2

of constitutional scrutiny." *Id*. at 36. Plaintiffs' Prayer for Relief essentially requests the Court declare that Plaintiffs, attorneys licensed to practice law in the State of Washington, do not have to be members of the WSBA, do not have to pay WSBA dues, and are not subject to WSBA discipline. *Id*. at 38-39.

On March 1, 2017, Plaintiffs filed a Motion for Summary Judgment. Dkt. # 8. On March 3, 2017, Plaintiffs also filed a Motion for Preliminary Injunction, making similar arguments in support of Plaintiffs' claims in this case. *See* Dkt. # 15. On March 21, 2017, Defendants filed a Motion to Dismiss, which the Court will address first. Dkt. #16.

### III. DISCUSSION

#### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

ORDER GRANTING MOTION TO DISMISS - 3

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Nature of Defendants "WSBA 1933," "WSBA 2017," and the actual WSBA**

The Court will not address tangential facts and arguments raised by the parties and will focus instead on the key legal questions in Defendants' entirely dispositive Motion to Dismiss. Plaintiffs' Complaint asserts that the WSBA ceased to exist and was born anew on the afternoon of September 30, 2016, when the WSBA enacted certain bylaw amendments. Dkt. #4 at 9.  At issue are amendments to include limited-license practitioners ("Limited Practice Officers," or "LPOs," and "Limited License Legal Technicians," or "LLLTs").  Dkt. #4 at 11-14; *see also* Dkt. #15 at 5-6, 11.  Plaintiffs assert that the bylaws amendments remove the WSBA from the purview of the State Bar Act, chapter 2.48 RCW.  Dkt. #4 at 34, *see also* Dkt. #8 at 10. Defendants argue that the State Bar Act establishes the WSBA as an "agency of the state," RCW 2.48.010, and gives the WSBA Board of Governors the power to adopt rules governing bar membership and discipline. Dkt. #16 at 14 (citing RCW 2.48.060).  Defendants argue that "[p]ursuant to and consistent with the State Bar Act and other Washington law, the WSBA regularly amends its bylaws regarding any number of matters relevant to the practice of law in Washington, including bar membership and limited-license practices."  *Id*. (citing RCW 2.48.050; WSBA Bylaws at 72-73).  Defendants argues that the amendments at issue do not render the WSBA a new entity. *Id.* (citing RCW 2.48.050; WSBA Bylaws at 72-73; *cf*. Fletcher Cyclopedia of the Law of Corps. §§ 6, 4176 (2016)).  Defendants argue that "[n]othing in the amendments changes the WSBA into something beyond what the Washington Supreme Court

ORDER GRANTING MOTION TO DISMISS - 4

has authorized, in its inherent authority over the practice of law." *Id.* at 15 (citing *State ex rel. Schwab v. Wash. State Bar Ass'n*, 80 Wn.2d 266, 269, 493 P.2d 1237 (1972); *Hahn v. Boeing Co.*, 95 Wn.2d 28, 34, 621 P.2d 1263 (1980)).

In Response, Plaintiffs argue the WSBA was created in 1933 by the Bar Act, that it is an integrated association, that "the new WSBA came into being, not by any action on the part of the Supreme Court, but by action of the WSBA 1933 Board of Governors," and that "[t]he authority of the state has not be (sic) passed on to the WSBA by the state legislature or the Supreme Court." Dkt. #23 at 13. Plaintiffs argue that the WSBA disciplinary system may only be administered by the WSBA 1933, not the new WSBA. *Id*. at 14.

The court is not required to accept as true a "legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678, and concludes that Plaintiffs' are essentially couching a legal conclusion as a factual allegation when they say that the WSBA came to an end on September 30, 2016, and became a new entity. The Court agrees with Defendants' legal analysis above and does not recognize "WSBA 1933" and "WSBA 2017" as distinct entities. The WSBA has statutory authority to amend its bylaws. Plaintiffs offer no argument against Defendants' reasoned analysis, above, and the Court cannot imagine any valid argument. Accordingly, the Court will ignore the false distinction between the "WSBA 1933" and "WSBA 2017," and Plaintiffs' Fourth Cause of Action, based entirely on the WSBA becoming a new entity, fails as a matter of law and is dismissed with prejudice.

### C. Constitutionality of Mandatory Bar Association Membership and Dues

Plaintiffs' Complaint asserts that the WSBA violates their constitutional rights to freedom of association and freedom of speech. Defendants argue that these claims fail because "compulsory bar membership and fees have been repeatedly upheld as constitutional

requirements to practice law." Dkt. #16 at 3. The Court agrees with Defendants. Plaintiffs'

counsel, Stephen K. Eugster, has previously raised these same constitutional claims in this

District and been sharply rebuked by the Honorable James L. Robart for "mischaracterization of

case law" and making "nonsensical" arguments. *See Eugster v. Washington State Bar Ass'n*,

No. C15-0375JLR, 2015 WL 5175722, at \*5-6 (W.D. Wash. Sept. 3, 2015), *aff'd*, No. 15-

35743, 2017 WL 1055620 (9th Cir. Mar. 21, 2017). Judge Robart set forth substantial authority

for the constitutionality of compelled membership in a state bar association and dismissed Mr.

Eugster's claim with prejudice. *Id*. (citing, *inter alia*, *Keller v. State Bar of Cal.*, 496 U.S. 1, 13

(1990); *Morrow v. State Bar of Cal.*, 188 F.3d 1174, 1177 (9th Cir.1999)). The Court finds that

Plaintiffs set forth no argument here to justify deviating from the holding in *Eugster*. Judge

Robart also addressed the constitutionality of how WSBA collects dues and WSBA's procedure

for the "Keller Deduction," and concluded that "Mr. Eugster alleges no facts supporting an

inference that the WSBA's procedural safeguards and substantive definition of chargeable dues

infringes on his constitutional rights to free association and speech." *Id*. at \*8. So too here.

Plaintiffs' Second and Third Causes of Action are dismissed with prejudice.

**D. Due Process and Constitutional Scrutiny of WSBA Disciplinary Procedures**

Plaintiff alleges that the WSBA's lawyer discipline system violates constitutional

procedural due process and does not withstand constitutional scrutiny. Plaintiffs' Amended

Complaint makes vague allegations that the structure and operation of the lawyer discipline

system as a whole is not "fair" or "impartial." *See* Dkt. # 4 at 15-31 and 35.

Defendants argue that the WSBA's discipline system affords lawyers the due process

protections of notice and an opportunity to be heard. Dkt. #16 at 16-17 (citing *Rosenthal v.*

*Justices of the Supreme Ct. of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990); ELC 4.1, 5.7, 10.3).

Defendants argue that "the Ninth Circuit already has reviewed a lawyer discipline system identical to Washington's in all relevant respects, and held that such a system is more than adequate." *Id*. (citing *Rosenthal*, 910 F.2d at 565). Defendants argue that Plaintiffs' claims of impartiality are countered by independent review by the Washington Supreme Court. *Id*. (citing *Rosenthal*, 910 F.2d at 564-65; *Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1435-36 (9th Cir. 1995)). Defendants go on to argue:

> Further, the Ninth Circuit has "specifically rejected" the notion that a state supreme court has "an inherent conflict of interest" in reviewing "state bar disciplinary proceedings." *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005). The Ninth Circuit has also rejected the notion that a bar association having "both investigative and adjudicative functions" creates an "unacceptable risk of bias." *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 714 (9th Cir. 1995). In other words, Plaintiffs would need to allege and present "actual evidence" of bias specific to a given adjudicator to overcome the "presumption of honesty and integrity in those serving as adjudicators." *Canatella*, 404 F.3d at 1112 (internal quotes omitted); *see also Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995). Plaintiffs have not done so, and their claim is thus meritless.

Dkt. #16 at 17-18. Defendants argue that Plaintiffs' constitutional scrutiny claim relies entirely on Plaintiffs' other failed claims. *Id*. at 18.[2]

In Response, Plaintiffs fail to address any of Defendants' cited law or point to any facts to support their claims. Instead, Plaintiffs argue the following: "[the discipline system] violates procedural due process of law because the system does not provide for or allow a fair hearing;" "there are numerous discrete aspects of the system which violate procedural due process;" "the entire system is biased;" "the conduct of WSBA Defendants and their attorneys in these proceedings in making and their primary argument (sic) and then relying on it in their

---

[2] The Court notes that Defendants also argue that Plaintiffs' Fourth and Fifth Causes of Action are barred under the *Younger* Doctrine and *res judicata*, Dkt. #16 at 18-21, that Plaintiffs' Fifth Cause of Action is unripe, *id.* at 22-24, and that the WSBA is immune from suit, *id*. at 24. Because the Court has already concluded that all of Plaintiffs' claims are properly dismissed, the Court need not consider these additional arguments.

conclusion is evidence of the lack of awareness and respect for truth and justice." Dkt. #18 at 14-15. Plaintiffs make no further argument in response to the above.

The Court finds that Plaintiffs' due process and constitutional scrutiny claims fail under the law cited by Defendants. Plaintiffs make no effort to argue otherwise, instead devoting nearly all of their brief to addressing tangential issues raised by Defendants. The Court is not required to accept as true a "legal conclusion couched as a factual allegation," and the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiffs have failed to meet this standard by making only vague claims of bias without specific facts. Plaintiffs have given the Court no reason to believe they are capable of alleging facts sufficient under the law, given that Plaintiffs have previously amended their Complaint and given their counsel's familiarity with the law surrounding this issue. Accordingly, the Court will dismiss Plaintiffs' Fifth and Sixth Causes of Action with prejudice.

### E. Request for Declaratory Judgment

The Court will dismiss Plaintiffs' First Cause of Action, a request for declaratory judgment, as there is no remaining case or controversy given the above.

### F. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber, supra.* The Court finds that Plaintiff cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore leave to amend will not be granted in this matter.

**IV. CONCLUSION**

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #16) is GRANTED. All of Plaintiff's claims are DISMISSED with prejudice.

2) Plaintiffs' Motion for Summary Judgment (Dkt. #8) and Motion for Preliminary Injunction (Dkt. #15) are DENIED as MOOT.

3) Defendants' Motion for Attorney Fees remains pending before this Court.

DATED this 11th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE