UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT E. CARUSO and SANDRA L. FERGUSON,

Plaintiffs,

v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

Defendants.

Case No. C17-00003RSM

ORDER GRANTING MOTION TO DISMISS

# I.  INTRODUCTION

This matter comes before the Court on Defendants' Motion for Attorneys' Fees and Expenses. Dkt. #22. Defendants seek sanctions against Plaintiffs' counsel, Stephen K. Eugster. *Id*. Mr. Eugster opposes this Motion on his own behalf. Dkt. #23. For the reasons stated below, the Court GRANTS Defendants' Motion.

# II.  BACKGROUND

Prior to filing this case, Plantiffs' counsel Mr. Eugster has filed several lawsuits on his own behalf against the WSBA addressing the constitutionality of mandatory bar membership and fees and the validity of the WSBA's discipline system. *See Eugster v. Wash. State Bar Ass'n*, No. CV 09-357-SMM, 2010 WL 2926237 (E.D. Wash. July 23, 2010) ("Eugster II") (discipline system); *Eugster v. Wash. State Bar Ass'n*, No. C15-0375JLR, 2015 WL 5175722

ORDER GRANTING MOTION TO DISMISS - 1

(W.D. Wash. Sept. 3, 2015) ("Eugster III") (membership/fees), *aff'd*, No. 15-35743, Dkt. #18-1 (9th Cir. Mar. 21, 2017); *Eugster v. Wash. State Bar Ass'n*, No. 15204514-9 (Spok. Cnty. Super. Ct. 2015) ("Eugster IV") (discipline system); *Eugster v. Littlewood*, No. 2:15-CV-0352-TOR, 2016 WL 3632711 (E.D. Wash. June 29, 2016) ("Eugster V") (discipline system); *Eugster v. Wash. State Bar Ass'n*, No. 2:16-cv-01765 (W.D. Wash. 2016) ("Eugster VI") (membership/fees and discipline system). Each of these lawsuits was dismissed at the pleadings stage. *See* Dkt. # 16 at 2-7 (Defendants' Motion to Dismiss summarizing the outcome of each case).

This case was filed on January 3, 2017, initially as a putative class action on behalf of all WSBA members, naming Plaintiffs Robert E. Caruso and Sandra L. Ferguson as class representatives. *See id.* at 11. On February 21, 2017, Plaintiffs amended their Complaint to abandon all class claims. *See* Dkt. # 4. Plaintiffs' Amended Complaint described Defendants as: (1) "Washington State Bar Association 1933," an entity Plaintiffs alleged was "the Washington State Bar Association created by the State Bar Act, Wash. Sess. ch. 94, 1933 and prior to the amendments made to its Bylaws by the WSBA 1933 Board of Governors the afternoon of September 30, 2016;" (2) "Washington State Bar Association 2017," an entity Plaintiffs alleged was "the Washington State Bar Association created by amendments made to Bylaws of the WSBA 1933 by the WSBA 1933 Board of Governors on September 30, 2016;" and (3-21) various WSBA officials. *Id.* at 1-3.

Plaintiffs' First Cause of Action was for declaratory judgment and sought, in part, an injunction "enjoining Defendants from compelling Plaintiffs to be a members (sic) of the WSBA 2017 and from compelling Plaintiffs to pay dues to the WSBA 2017." *Id.* at 32. Plaintiffs' Second Cause of Action was brought under 42 U.S.C. § 1983 for violation of the

ORDER GRANTING MOTION TO DISMISS - 2

First and Fourteenth Amendments to the U.S. Constitution for being "compelled to be a members (sic) of WSBA 1933 or WSBA 2017." *Id*. Plaintiffs' Third Cause of Action was similarly brought under the First and Fourteenth Amendments as "[c]ompulsory dues violate Plaintiffs' right of freedom of speech, including the freedom not to speak and to not be forced to finance speech…" *Id*. at 33. Plaintiffs' Fourth Cause of Action was titled "WSBA Disciple System No Longer Exists." *Id*. at 34-35. Plaintiffs' Fifth Cause of Action alleged that the WSBA discipline system violates constitutional due process. *Id*. at 35. Plaintiffs' Sixth Cause of Action alleges that the WSBA discipline system deprives Plaintiffs' rights "under the doctrine of constitutional scrutiny." *Id*. at 36. Plaintiffs' Prayer for Relief essentially requested the Court declare that Plaintiffs, attorneys licensed to practice law in the State of Washington, do not have to be members of the WSBA, do not have to pay WSBA dues, and are not subject to WSBA discipline. *Id*. at 38-39.

On March 1, 2017, Plaintiffs filed a Motion for Summary Judgment. Dkt. # 8. On March 3, 2017, Plaintiffs also filed a Motion for Preliminary Injunction, making similar arguments. *See* Dkt. # 15. On March 21, 2017, Defendants filed a Motion to Dismiss, and followed that up with the instant Motion for Attorney Fees on April 27, 2017. Dkts. #16 and #22.

On May 11, 2017, the Court granted Defendants' Motion and dismissed all of Plaintiffs' claims with prejudice. Dkt. #28. In that Order, the Court disagreed with Plaintiffs' argument that the WSBA was reborn as a new entity on September 30, 2016, finding that "Plaintiffs offer no argument against Defendants' reasoned analysis, above, and the Court cannot imagine any valid argument." *Id.* at 5. The Court found that Plaintiffs' counsel had previously raised the claims that bar membership and dues were unconstitutional and "been sharply rebuked by the

ORDER GRANTING MOTION TO DISMISS - 3

Honorable James L. Robart for 'mischaracterization of case law' and making 'nonsensical' arguments. *Id.* at 6 (citing *Eugster v. Washington State Bar Ass'n*, No. C15-0375JLR, 2015 WL 5175722, at *5-6 (W.D. Wash. Sept. 3, 2015), *aff'd*, No. 15-35743, 2017 WL 1055620 (9th Cir. Mar. 21, 2017). The Court was able to dismiss all of Plaintiffs' claims based on these arguments without further analysis. *See id.* As to Plaintiffs' remaining claims that Defendants' actions violated procedural due process and constitutional scrutiny, the Court found that "Plaintiffs' due process and constitutional scrutiny claims fail under the law cited by Defendants," that "Plaintiffs make no effort to argue otherwise," and that instead Plaintiffs devoted "nearly all of their brief to addressing tangential issues raised by Defendants." *Id*. at 8. The Court found that dismissal with prejudice was warranted because "Plaintiffs have given the Court no reason to believe they are capable of alleging facts sufficient under the law, given that Plaintiffs have previously amended their Complaint and given their counsel's familiarity with the law surrounding this issue." *Id.*

Plaintiffs subsequently appealed the Court's Order of Dismissal and associated judgment. Dkt. #30. That appeal is pending.

## III. DISCUSSION

### A. Legal Standard

The instant Motion seeks sanctions on three grounds: Rule 11, 28 U.S.C. § 1927, and the Court's inherent power. The Ninth Circuit Court of Appeals has set forth the considerations for Rule 11 sanctions:

> An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2). When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to

> determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996).

*Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). A district court is vested with discretion whether or not to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 sanctions require a bad faith finding. *See Soules v. Kauaians For Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988). The imposition of fees under Section 1927 is appropriate "when an attorney knowingly or recklessly raises a frivolous argument, or argues a [] claim for the purpose of harassing an opponent," which qualifies as bad faith. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990).

A federal court's inherent powers include the power "to fashion an appropriate sanction for conduct which abuses the judicial process," including the assessment of attorney fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). A court has the inherent power to assess attorney fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. at 45-46 (internal quotations omitted).

ORDER GRANTING MOTION TO DISMISS - 5

**B. Rule 11 Sanctions**

Defendants argue that "[w]hen an attorney advances legally groundless arguments, and has previously advanced the same arguments in other lawsuits without success, Rule 11 sanctions are appropriate." Dkt. #22 at 6 (citing *Knipe v. United States*, 151 F.R.D. 24, 25 (N.D.N.Y. 1993), *aff'd*, 19 F.3d 72, 77 (2d Cir. 1994)). In *Knipe*, an attorney filed a complaint challenging the enforcement authority of the Federal Aviation Administration ("FAA"). 151 F.R.D. at 25. The court in that case found that plaintiff's counsel violated Rule 11 because the suit advanced legally baseless arguments already rejected in two previous lawsuits counsel had filed, and appeared to be a "back door attempt to further his personal agenda against the FAA." *Id*. at 25-26. Defendants argue the situation here is the same, because "the arguments advanced by Eugster here are legally groundless, have been rejected by other courts in Eugster's past actions, and appear to be a back door attempt to further his personal agenda against the WSBA." Dkt. #22 at 6. Defendants argue that Mr. Eugster's conduct constitutes harassment, and that this is a basis for Rule 11 sanctions under Ninth Circuit law. *Id.* at 6-7 (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986), *abrogated on other grounds*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1032-33, 1036 (9th Cir. 1985)). Defendants argue that "if [Mr. Eugster] is not deterred from continuing to pursue his serial litigation, Eugster could try to recruit other disciplined attorneys in order to advance his frivolous arguments against the WSBA in perpetuity." *Id*. at 7.

In response, Mr. Eugster argues that Defendants have failed to put forth adequate factual support for their Motion, and that the facts of this case are different than his previous suits because, *inter alia*, "[t]he facts of this case pertain to WSBA 2017" whereas his previous suits

ORDER GRANTING MOTION TO DISMISS - 6

were "brought under WSBA 1933." Dkt. #23 at 5-6. Mr. Eugster requests Rule 11 sanctions against Defendants for the instant Motion. *Id.* at 3-4.

On reply, Defendants argue that Mr. Eugster "incorrectly contests whether the same claims [brought in this case] were rejected in his previous lawsuits," and note that this Court has already addressed the fact that "both Judge Robart and the Ninth Circuit specifically rejected Eugster's challenge to compulsory WSBA membership and dues on the merits." Dkt. #31 at 3 (citing Dkt. #28 at 6).

Defendants are essentially attacking the Complaint and Amended Complaint filed by Mr. Eugster in this case, so the Court will conduct the *Christian* two-prong inquiry. The Court first finds that Defendants, in relying on the record in this case and Mr. Eugster's previous lawsuits, have put forth adequate admissible evidence. The Court can easily dismiss Mr. Eugster's argument that his previous lawsuits were distinct because they were "brought under WSBA 1933," as the Court has already determined that the distinction between WSBA 1933 and WSBA 2017, as set forth by Plaintiffs, is fictitious. Mr. Eugster has continually harassed the WSBA with swiftly-dismissed lawsuits, including this one. For the reasons stated in its May 11, 2017, Order and summarized above, the Court finds that Plaintiffs' Amended Complaint is legally and factually baseless from an objective perspective. *See* Dkt. #28. The Court had no difficulty identifying the legal errors in Mr. Eugster's pleading. The Court further finds that Mr. Eugster could not have conducted a reasonable and competent inquiry before signing and filing the Amended Complaint. Mr. Eugster has long been on notice of the flaws in his constitutional claims against WSBA membership and dues after his personal lawsuits were dismissed. Although Mr. Eugster has brought new claims in this case, the presence of the same previously dismissed membership and fees claims in this case was unreasonable and did a

disservice to his clients. Because Mr. Eugster's pleading in this case is both baseless and made without a reasonable and competent inquiry, the term "frivolous" is applicable. *See Moore, supra*; *see also Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988) (frivolity turns on "whether a pleading states an arguable claim" or whether it is "groundless"). Thus under the *Christian* two-prong inquiry, or any other Rule 11 inquiry, Mr. Eugster has violated this rule and sanctions are warranted.

### C. Section 1927 Sanctions

The Court has reviewed the arguments of the parties and finds that, although this case was frivolous and harassing, Mr. Eugster did not so multiply the proceedings to be vexatious. Mr. Eugster filed several but not an obscene amount of motions in this case, and Defendants were able to respond to these motions briefly in their Motion to Dismiss. *See* Dkt. #16 ("Motion to Dismiss and Opposition to Plaintiffs' Motions for Summary Judgment and Preliminary Injunction"). Accordingly, sanctions under 28 U.S.C. § 1927 are not warranted at this time.

### D. Sanctions Under the Court's Inherent Power

It is not clear whether Defendants request these sanctions in the alternative or in addition to sanctions under Rule 11. In any event, the Court declines to award additional sanctions under its inherent power, and finds that an analysis of whether sanctions would otherwise be so warranted is unnecessary given the above.

### E. Mr. Eugster's request for Rule 11 Sanctions

The Court finds that Defendants' arguments in the instant Motion have merit and reiterates that Defendants' arguments to dismiss this case had merit. Mr. Eugster has failed to put forth adequate grounds for Rule 11 sanctions against Defendants.

## IV. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion for Attorneys' Fees and Expenses (Dkt. #22) is GRANTED IN PART as stated above. Defendants are awarded attorneys' fees and costs arising from this litigation as a sanction against Plaintiffs' counsel, Stephen K. Eugster, under Federal Rule of Civil Procedure 11.

2) **No later than ten (10) days from the date of this Order**, Defendants shall file a Motion for Attorneys' Fees, noting it for consideration the second Friday after filing and service of the Motion. The Motion shall be limited to six (6) pages and be supported by documentary evidence reflecting the amount of fees and costs sought. Plaintiffs may file a Response no later than the Wednesday before the noting date, addressing only the reasonableness of the fees and costs requested, and limited to six (6) pages. No Reply is permitted.

DATED this 23 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE