# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ROBERT E. CARUSO and SANDRA L. FERGUSON,

Plaintiffs,

v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

Defendants.

Case No. C17-00003RSM

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES

This matter comes before the Court on Defendants' Motion for Attorneys' Fees. Dkt. #33. On April 6, 2017, pursuant to Rule 11(c)(2), Defendants served Plaintiffs with a copy of their Motion for Attorneys' Fees and Expenses seeking, *inter alia*, Rule 11 sanctions against Plaintiffs' counsel Stephen K. Eugster. Dkt. #22 at 12. Twenty-one days later, Defendants filed that Motion with the Court. Dkt. #22. This Motion argued that Plaintiffs "lawsuit" contained frivolous and harassing claims. *See, e.g., id.* at 4 (setting forth the issue of "[w]hether Eugster violated Rule 11 by presenting claims that are contrary to governing precedent and unsupported by authority, by advancing arguments that multiple courts already have rejected in his prior lawsuits, and by filing yet another <u>lawsuit</u> against the WSBA challenging bar membership, license fees, and the lawyer discipline system") (emphasis added).

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES - 1

On May 23, 2017, the Court granted Defendants' Motion for Attorneys' Fees and Expenses. Dkt. #33. In that Order the Court set forth the relevant facts here and the Court incorporates those facts by reference. *See* Dkt. #33 at 1-4. The Court specifically found that Defendants, in seeking Rule 11 sanctions, were "essentially attacking the Complaint and Amended Complaint filed by Mr. Eugster in this case…" *Id*. at 7. After reviewing the facts and arguments presented by the parties, the Court awarded Rule 11 sanctions against Mr. Eugster, requested Defendants file the instant Motion setting forth the amount of fees and costs sought, supported by documentary evidence, and directed Plaintiffs to file a Response "addressing only the reasonableness of the fees and costs requested, and limited to six (6) pages." *Id.* at 9.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). It is

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES - 2

reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. Intra-offices conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

Defendants now request $35,369.50 in attorney fees and $0 in costs. Dkt #34 at 1. This amount is broken down by Defendants into 25.1 hours billed by partners at a "discounted blended rate of $295 per hour," and 119 hours billed by three associates at a "discounted blended rate of $235 per hour." *Id*. at 3. Defendants argue that these billing rates are lower than prevailing market rates based on available data. *Id*. at 4 (citing *Billing Rates Across the Country*, NAT'L L. J. (Jan. 13, 2014)). Defendants set forth the experience of the attorneys involved. *Id*. at 5-6 (citing Dkt. #35 and exhibits). Defendants argue the number of hours billed was reasonable "given that the WSBA filed its own dispositive motion and opposed a dispositive motion and a motion for preliminary injunction filed by Eugster," and because "the WSBA sought fees as sanctions against Eugster for the first time in this matter." *Id*. at 6. Defendants argue that the partners' hours were purposefully limited in order to minimize costs. *Id*. Defendants provide their billing entries in two invoices attached as an exhibit to a declaration. Dkt. # 35-6. Defendants do not go through and justify specific billing entries.

Mr. Eugster, solely on his own behalf, responds by first arguing that Defendants have violated the "safe harbor provisions" of Rule 11(c)(2). Dkt. #44 at 2. Rule 11(c)(2) gives the

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES - 3

offending party 21 days to withdraw or appropriately correct "the challenged paper, claim, defense, contention, or denial." Mr. Eugster argues that "[t]he pleading to which the 21-day notice applied was Plaintiffs' Response to Defendants' Motion to Dismiss," because this was filed 21 days prior to Defendants' Motion for Attorneys' Fees and Expenses. *Id*. Mr. Eugster does not argue that Plaintiffs explicitly told him that their Motion applied only to Plaintiffs Response to Defendants' Motion to Dismiss. Mr. Eugster makes several corollary arguments based on the presumption that fees should be limited to responding to Plaintiffs' Response to Defendants' Motion to Dismiss. Mr. Eugster also argues that the sanctions here should be for deterrence purposes only and that his financial circumstances should be considered. *Id*. at 4-5. Mr. Eugster's Response is five pages. In a separate five-page declaration, Mr. Eugster argues that his present income is limited to social security benefits and "monthly payments on a loan I made in the past." Dkt. #45 at 1. Mr. Eugster does not submit information about his financial assets or his income from the practice of law. Later in the declaration, Mr. Eugster goes through a couple pages of Defendants' billing entries and argues that certain of them are "unreasonable and unnecessary" or "duplicative." *Id*. at 3-5. Mr. Eugster again argues that certain billing entries are beyond the scope of Defendants' original Rule 11 Motion.

The Court begins by noting that Mr. Eugster has inappropriately submitted legal argument in a declaration and exceeded the six-page limit imposed by the Court by splitting his argument between two five-page filings. Mr. Eugster has also raised whether Defendants satisfied the Rule 11(c)(2) safe harbor provisions, which strikes the Court as beyond the scope set by the Court for this Motion and Mr. Eugster's Response. Nevertheless, the Court has reviewed and considered all of Mr. Eugster's arguments.

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES - 4

The Court will first address Mr. Eugster's safe harbor argument. The Court finds that Defendants' Motion for Attorneys' Fees and Expenses clearly argues that "the challenged paper, claim, defense, contention, or denial" at issue was the entire lawsuit, not Plaintiffs' Response to Defendants' Motion to Dismiss. *See, e.g.,* Dkt. #22 at 4. There is nothing improper about the scope of Defendants' Motion. Mr. Eugster was served with a copy of this Motion twenty-one days before it was filed, and was thus on notice that the entire lawsuit was at issue. Accordingly, the Court had the authority to award Rule 11 sanctions based on the filing of the lawsuit, and Defendants are free to seek fees for their work on the entire lawsuit, including the filing of the initial and the instant Motions for Attorney's Fees.

The Court turns to the reasonableness of the requested hourly rate and hours requested. Based on the evidence submitted by Defendants, the Court concludes that the hourly rates requested by the Defendants, $295 and $235 for partners and associates, respectively, are reasonable for this type of work in the local legal community. The Court has reviewed the specific billing entries and finds that a small number of entries reflect improper block billing, intra-office conferences, or excessive/redundant billing, all submitted without specific justification by Defendants. In particular, the Court finds that the time spent on drafting Defendants' initial Motion for Attorneys' Fees and Expenses, Dkt. #22, and Reply, Dkt. #31, was excessive and redundant, and that some of the related billing entries were duplicative and lacking in detail.[2] Accordingly, the following entries will be reduced by 50 percent:

//

//

---

[2] By the Court's estimate, Defense counsel spent 36.7 hours drafting this 10-page Motion, not including research time. The billing entries in question do not provide any detail beyond "Draft motion for fees" or "Revise draft fees motion." *See, e.g.,* Dkt. #35-6 at 6-7. Although Defendants may not have filed a fees motion against Mr. Eugster in previous cases, the legal issues involved are not novel and in any event the Court only granted the requested relief under Rule 11, denying fees under 28 U.S.C. § 1927 and the Court's inherent authority. Defense counsel spent 20.2 hours drafting the 7-page Reply, which generally reiterates previous arguments. *See* Dkt. #31 at 2-4.

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES - 5

| Date | Initial | Time | Rate | Description |
|---|---|---|---|---|
| 2/24/17 | JAS | 0.70 | 295 | Work on strategy for initial response to amended complaint |
| 2/24/17 | PJL | 0.30 | 295 | Team strategy conference |
| 2/24/17 | TVF | 0.30 | 235 | Confer with P. Lawrence and J. Skelton regarding case strategy |
| 3/20/17 | ND | 2.30 | 235 | Review draft motion; check citations for accuracy; review cited authority and ensure current authority; office conferences regarding same |
| 3/28/17 | CEM | 2.40 | 235 | Draft outline of motion for fees |
| 3/29/17 | CEM | 2.30 | 235 | Draft motion for sanctions; research |
| 3/29/17 | CEM | 1.30 | 235 | Revise motion for fees |
| 3/30/17 | CEM | 3.00 | 235 | Draft motion for fees |
| 3/30/17 | CEM | 3.80 | 235 | Draft motion for fees |
| 3/31/17 | CEM | 3.40 | 235 | Draft motion for fees; correspond with T. Flevaris about the draft |
| 3/31/17 | CEM | 2.10 | 235 | Draft motion for fees; correspond with T. Flevaris regarding the motion |
| 4/2/17 | TVF | 1.30 | 235 | Revise draft fees motion |
| 4/3/17 | CEM | 3.00 | 235 | Draft motion for fees |
| 4/3/17 | TVF | 2.50 | 235 | Revise draft fees motion |
| 4/4/17 | CEM | 4.60 | 235 | Draft motion for fees |
| 4/4/17 | TVF | 4.40 | 235 | Revise fees motion |
| 5/8/17 | CEM | 5.40 | 235 | Review response to motion for fees and declarations; confer with T. Flevaris; draft reply |
| 5/9/17 | CEM | 6.70 | 235 | Draft reply in support of motion for fees |
| 5/10/17 | CEM | 1.50 | 235 | Draft motion for fees; correspond with T. Flevaris |
| 5/10/17 | TVF | 4.30 | 235 | Review and revise draft reply on fees motion |
| 5/11/17 | CEM | 0.70 | 235 | Revise reply in support of motion for fees; correspond with T. Flevaris |
| 5/11/17 | JAS | 2.30 | 295 | Revise reply in support of motion for attorney fees and incorporate decision from Court on motion to dismiss into same |

These entries total $13,969. The Court will thus subtract 50 percent of that total, $6,984.50, from the grand total submitted by the Defendants, $35,369.50, to arrive at a revised grand total of $28,385.

The Court finds that this sanction amount should not be adjusted based on Mr. Eugster's financial circumstances. Mr. Eugster fails to set forth his financial circumstances with

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES - 6

sufficient detail for the Court to conclude that he is unable to pay or that this sanction amount would pose an undue hardship.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Attorneys' Fees and Expenses (Dkt. #22) is GRANTED IN PART as stated above. Plaintiffs' counsel Stephen K. Eugster shall pay Defendants $28,385, representing attorneys' fees awarded as a Rule 11 sanction.

DATED this 19 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE