UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT E. CARUSO and SANDRA L. FERGUSON,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE BAR ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. C17-00003RSM<br><br>ORDER DENYING MOTION TO VACATE JUDGMENT AND AMEND |

This matter comes before the Court on *pro se* Plaintiff Sandra L. Ferguson's Motion to Vacate Judgment and Amend Pleading, brought pursuant to Rules 59(e), 60(b)(1), 60(b)(2), and/or 60(b)(6). Dkt. #50.

On May 11, 2017, the Court issued an Order granting Defendants' Motion to Dismiss and dismissing all of Plaintiffs' claims with prejudice. Dkt. #28. A judgment followed that same day. Dkt. #29. On June 8, 2017, Ms. Ferguson attempted to file a motion similar to the instant motion. *See* Dkt. #38. The Court struck that filing as it violated Local Rule 83.2(b)(4)'s prohibition on parties from filing *pro se* without leave of the Court. Dkt. #42. Ms. Ferguson subsequently obtained leave to proceed *pro se*.

ORDER DENYING MOTION TO VACATE JUDGMENT AND AMEND - 1

Ms. Ferguson argues in the instant Motion that "if the Court had granted leave to amend, Ferguson could have cured the deficient pleadings." Dkt. #50 at 1. Ms. Ferguson presents substantial new facts and argument, and attaches hundreds of pages of purported new evidence. *Id*.; Dkts. #50-2, #50-3, and #51 (and attachments). Ms. Ferguson argues that there is "newly-discovered evidence," and that she should be permitted to join Brian Waid as a defendant. Dkt. #50 at 10. Ms. Ferguson acknowledges that a motion under Rule 59(e) must be brought within 28 days of the entry of judgment, but fails to explain how the instant motion does not violate that deadline. *See id.* at 10. Ms. Ferguson briefly cites to Rule 60(b)(1) and (2) as bases for her requested relief, but does not cite that rule's "reasonable time" deadline or explain why the instant Motion satisfies that requirement. *See id.* at 11. Ms. Ferguson does not discuss Rule 60(b)(6). Ms. Ferguson states via declaration that the facts on which she bases her Motion are "facts which I could have alleged prior to dismissal of this case. . ." Dkt. # 51 at 1.

In Response, Defendants argue that "Ferguson's 'new' evidence consists of descriptions of prior disciplinary matters and lawsuits personally involving Ferguson and dating back over a decade," and that Ms. Ferguson "ignores that raising a new legal theory at this late stage is inappropriate, and that her lawsuit was dismissed for failure to state a claim, not insufficient evidence." Dkt. #53 at 2. Defendants also argue that the new evidence "lacks relevance or weight and would not have affected the outcome here." *Id*.

On Reply, Ms. Ferguson argues that her motion was "originally filed within 28 days of the Court's entry of judgment on June 8, 2017." Dkt. #55 at 5. Ms. Ferguson argues that some of the new evidence was not always available to her, because it came from "two recent, overlapping investigations of Ferguson which began in December 2015. . ." *Id*. at 5. Ms. Ferguson further discusses the merits of her new arguments.

ORDER DENYING MOTION TO VACATE JUDGMENT AND AMEND - 2

Under Rule 59, a motion for a new trial or to alter a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(b) and (e).  Under Rule 60, a motion for relief from judgment based on newly discovered evidence must be filed "within a reasonable time," no later than a year after entry of judgment, and based on evidence that "could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2), (c)(1).  The Court cannot extend these deadlines.  Fed. R. Civ. P. 6(b)(2).  Vacating a prior judgment under Rule 59 or Rule 60 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Lindauer v. Rogers*, 91 F.3d 1355, 1358 (9th Cir. 1996).  For relief from judgment based on newly discovered evidence, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal quotes omitted).  The test is the same under Rule 59(e) or 60(b)(2), except the later deadline for a Rule 60(b)(2) motion "may require a stronger showing." *Id*.

As an initial matter, the Court finds that the instant Motion is untimely under Rule 59(e).  Procedurally, it is irrelevant that Ms. Ferguson filed a prior, stricken Motion within the deadline.  The Court further agrees with Defendants that Ms. Ferguson has failed to present sufficient facts or argument showing that she could not have discovered the "new" evidence at issue within the deadline for filing a Rule 59 motion.  Thus, relief under Rule 59 or 60(b)(2) is unavailable.  Based on the record, Ms. Ferguson had knowledge of the vast majority of the evidence at issue for years before the filing of this Motion, and certainly prior to dismissal of this case.  Her attorney did not present this evidence.  Defendants argue, and the Court agrees,

ORDER DENYING MOTION TO VACATE JUDGMENT AND AMEND - 3

that a motion to vacate "may not be used to . . . present evidence for the first time when [it] could reasonably have been raised earlier in the litigation." Dkt. #53 at 6 (citing *Carroll*, 342 F.3d at 945). Likewise, a party's "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Id.* (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) (rejecting "tardy affidavit" offered in support of reconsideration of discrimination claim)). Ms. Ferguson's passing reference to Rules 60(b)(1) and 60(b)(6) are insufficient to obtain relief on those grounds. To the extent that Ms. Ferguson raises new legal theories, such cannot be brought for the first time in a Rule 59 or 60 Motion. *See, e.g., Carroll*, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation."). Finally, the Court notes that, even if it were procedurally proper to review the evidence and argument presented by Ms. Ferguson, such would likely not be sufficient to change the outcome of this case for the reasons articulated by Defendants in their Response.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Sandra Ferguson's Motion to Vacate Judgment and Amend Pleading (Dkt. #50) is DENIED. This case remains CLOSED.

DATED this 31 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO VACATE JUDGMENT AND AMEND - 4