UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT E CARUSO, et al., | CASE NO. C17-3 RSM |
| Plaintiffs, | ORDER |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION 1933, et al., | |
| Defendants. | |

THIS MATTER is before the Court on review of Chief Judge Ricardo Martinez's Order [Dkt. # 65], declining to Recuse himself in response to Plaintiff Caruso's attorney, Stephen Eugster's Motion to Disqualify [Dkt. # 64]. The Order was referred to this Court as the most senior non-Chief Judge under 28 U.S.C. §144 and LCR 3(e).

Eugster's Motion includes almost no factual background, and it is not supported with any evidence. Instead, it includes a single conclusory statement:

> Judge Martinez and the court were the victims of fraud. Judge Martinez went a step further and became a knowing participant in the fraud.

[Dkt. # 64 at 1] In other filings, Eugster states that Judge Martinez does not have jurisdiction and his judgments are void, whether the courts agree, or not:

ORDER - 1

> F. *Caruso and Ferguson v. WSBA et al*, No. 2:17-cv-00003 (W.D. Wash. 2017).
>
> The decisions in this case, the decision against Caruso and the decision against Stephen Kerr Eugster Pro se, are the product of a fraud on the court. See the draft complaint under Fed. R. Civ. P. 60 (d)(3). Thus, no matter what this court or the court of appeals may say, the decisions are void. They may be attacked under Rule 60 (d)(3) regardless of what the court of appeals might do or not do.

[Dkt. # 63 at 4]. It appears that Eugster is claiming disqualification (or seeking recusal) based on what he claims are erroneous decisions in this case.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). ). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Eugster's recusal motion does not identify or claim any personal bias, prejudice or interest on the part of Judge Martinez; it includes no factual allegations at all. Eugster has not raised any issue that would lead a reasonable person to question whether Judge Martinez can be

impartial in this case. His Motion to Disqualify [Dkt. # 64] is DENIED, and Judge Martinez's Order [Dkt. # 65] is AFFIRMED.

IT IS SO ORDERED.

Dated this 22nd day of May, 2018.

Ronald B. Leighton
United States District Judge