UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT E. CARUSO and SANDRA L. FERGUSON,

Plaintiffs,

v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

Defendants.

Case No. C17-00003 RSM

ORDER GRANTING DEFENDANTS' MOTION FOR PRE-FILING ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for a Pre-Filing Order against Plaintiff Robert E. Caruso's counsel, Stephen K. Eugster. Dkt. #61. For the reasons stated below, the Court GRANTS this Motion.

## II. BACKGROUND

Mr. Eugster's legal battles against the Washington State Bar Association apparently began in 2009 after he was sanctioned for professional misconduct. *See In re Disciplinary Proceeding Against Eugster*, 166 Wn.2d 293, 298 (2009) ("*Eugster I*").

In December of that year, Mr. Eugster filed suit in U.S. District Court for the Eastern District of Washington ("Eastern District"), alleging Washington's lawyer discipline system

violates due process. Dkt. #62-1, Appendix at 1-31 ("*Eugster II*").[1]  The court dismissed the case because Mr. Eugster lacked standing and because his claims were unripe. *Id*. at 68-75. He appealed and the Ninth Circuit affirmed. *Id*. at 78-79.

In early 2015, Mr. Eugster filed suit here in the Western District, challenging bar membership, license fees, and the use of such fees. *Id*. at 80-97 ("*Eugster III*"). This Court found that Mr. Eugster altered and "grossly misstate[d]" language from a U.S. Supreme Court opinion to support his theory of the case. *Id*. at 130. This Court explained that the Supreme Court and Ninth Circuit have upheld mandatory bar membership and fees several times, "and in no uncertain terms." *Id*. at 130-34. The Court dismissed Mr. Eugster's claims with prejudice; the Ninth Circuit affirmed. *Id*. at 139-42.

In late 2015, soon after *Eugster III* was dismissed, Mr. Eugster filed complaints in Spokane County Superior Court and in federal court in the Eastern District, again claiming that Washington's lawyer discipline system violates due process requirements. *See id*. at 143-77 ("*Eugster IV*"), 289-325 ("*Eugster V*"). These cases were also dismissed with prejudice, on res judicata grounds, in part because Mr. Eugster could have raised such objections in his prior disciplinary proceedings. *Id*. at 225-28; 367-81. Division III of the Court of Appeals affirmed, and the Washington Supreme Court denied Mr. Eugster's petition for review in *Eugster IV*. *Id*. at 230-276. *Eugster* V remains pending before the Ninth Circuit, *id*. at 382-383; Dkt. #62 ("Flevaris Decl.") at ¶21.

In late 2016, Mr. Eugster filed suit again in this Court, again challenging bar membership, fees, and discipline procedures. *Id*. at 400-24 ("*Eugster VI*"). Mr. Eugster tried to distinguish the suit by arguing the WSBA's most recent bylaw amendments designating

---

[1] The Court will use Defendants' page numbering for exhibits in an "Appendix," submitted in two docket entries. *See* Dkts. #62-1 and #62-2. Defendants' page numbers appear at the bottom-left of each page. Defendants have included an index of exhibits for clarity. *See* Dkt. #62-1 at 1–2.

ORDER GRANTING DEFENDANTS' MOTION FOR PRE-FILING ORDER - 2

limited license practitioners as bar members transformed the WSBA into a new entity that lacked authority. *Id*. at 407-416, 421-23. Mr. Eugster voluntarily dismissed that suit, *id*. at 425-26, then immediately re-filed the same claims in the instant matter, on behalf of two other previously disciplined lawyers, initially as a class action but eventually abandoning the class claims. *Id*. at 427-76; 477-516. This Court rejected Mr. Eugster's arguments and dismissed his claims with prejudice. *Id*. at 517-25.

In early 2017, around the same time he filed this case, Mr. Eugster also filed suit in Thurston County Superior Court, again challenging WSBA license fees. *Id*. at 668-692 ("*Eugster VII*"). Mr. Eugster argued that license fees constitute an improper "tax." *Id*. at 704. Eugster asked that the WSBA be placed into a receivership and for an accounting of any WSBA expenditures. *Id*. at 706-07. After Defendants moved to dismiss, Mr. Eugster voluntarily dismissed the case. Flevaris Decl. ¶39; Appendix at 723-24.

At one point the WSBA asked this Court to impose monetary sanctions against Mr. Eugster, to deter him from his escalating pattern of meritless litigation. This Court agreed, finding Mr. Eugster had filed a "legally and factually baseless" suit after being "on notice of the flaws" in his claims, especially given his prior suits. Appendix at 532. This Court ordered Mr. Eugster to pay $28,385 to the WSBA for legal expenses incurred defending against the suit. *Id*. at 540. On appeal, Mr. Eugster argued the WSBA had defrauded this Court and that this Court was unduly biased. *Id*. at 570-88. The Ninth Circuit affirmed, rejecting those arguments as meritless and "unsupported by the record." *Id*. at 615-18, 620. Mr. Eugster moved for rehearing en banc, and that request is pending. *Id*. at 626-40, 645-665; Flevaris Decl. ¶¶ 33-34.

Mr. Eugster did not heed the sanction this Court imposed on him. In late 2017, Mr. Eugster filed another lawsuit in the Eastern District. Appendix at 737-47 ("*Eugster VIII*"). As before, Mr. Eugster's complaint asserted constitutional claims against bar membership, license fees, and discipline procedures, and argued that the WSBA lacks regulatory authority. *Id*. at 744-47. In response, the WSBA notified Mr. Eugster that his complaint was duplicative and frivolous, as before. *Id*. at 727. The WSBA also notified Mr. Eugster that it would seek a vexatious litigant order against him if he refused to withdraw the case. *See id*.

Mr. Eugster did not withdraw. Instead, he requested that the assigned judge recuse himself based on the fact he had already dismissed one of Mr. Eugster's prior suits. *See id*. at 823-29. The court denied that request and the WSBA moved to dismiss. *Id*. at 830-34; 748-70. In response, Mr. Eugster filed an amended complaint with the same claims; also reasserting his challenge against the use of fees; and arguing as a new theory in support of those claims that the Washington Supreme Court and WSBA constitute a monopoly over the practice of law. *Id*. at 771-95. The WSBA again moved to dismiss, explaining that Mr. Eugster's claims were precluded by his past suits and meritless as a matter of law in any event. *See id*. at 796-822. That motion remains pending. Flevaris Decl. at ¶46.

On February 12, 2018, Mr. Eugster filed another lawsuit in Spokane County, asserting defamation, invasion of privacy, and abuse of process claims against both the WSBA and its attorneys as named defendants, based on the WSBA's briefing in this case. *Id*. at 835-48 ("*Eugster IX*"). That action remains pending. Flevaris Decl. at ¶49.

The next day, Mr. Eugster filed a "Complaint on Remand" before the superior court in *Eugster IV*, purporting to name the Washington Court of Appeals and the individual judges who decided the appeal in that case as defendants. Appendix at 227-85. Mr. Eugster argued

that the judges "made the case their own" and that the decision in that case cannot stand because the discipline system does not afford due process. *Id*. at 281-82. The superior court summarily denied Mr. Eugster's request because the matter already had been "dismissed with prejudice." *Id*. at 286.

On March 6, 2018, Mr. Eugster filed in Thurston County, again challenging bar membership, fees, and the discipline system, and asserting that the Washington Supreme Court and WSBA constitute a monopoly. *Id*. at 849-61 ("*Eugster X*"). That case is pending. Flevaris Decl. ¶51.

Finally, in an appendix Mr. Eugster recently filed, he included a copy of a complaint and summons for a new case apparently filed in Spokane County on April 10, 2018. Flevaris Decl. at ¶52; Appendix at 874-83 ("*Eugster XI*"). This complaint names the WSBA, the Washington Court of Appeals Division III, and the three judges who ruled against him in *Eugster IV* as defendants, challenging the decision in that case. Appendix at 875-78.

On multiple occasions, the WSBA has requested Mr. Eugster pay the fee award this Court imposed on him. *Id*. at 666. Mr. Eugster has ignored those requests and the Court's prior order. Flevaris Decl. at ¶¶ 28, 35.

### III. DISCUSSION

#### A. Legal Standard

The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such pre-filing orders are an extreme remedy that should rarely be used. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due

process right of access to the courts. *Id.* (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.3, at 698 (3d ed. 2004)). A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances. *Id.* Nevertheless, "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* There are four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered; second, the district court must compile an adequate record for review; third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and fourth, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* The relevant record for review includes prior complaints and related filings and orders. *See Molski*, 500 F.3d at 1059.

**B. Analysis**

Defendants step through each of the above elements in their Motion. They argue that Mr. Eugster has received proper notice, both by email and by service of this Motion. Dkt. #61 at 7 (citing Appendix at 727 and 731). The Court agrees that Mr. Eugster has received proper notice and a chance to be heard on this Motion.

Next, Defendants contend that the Court has an adequate record for review because "a complete list of the offending party's cases and the complaints from many of those cases qualif[y] as an adequate record." *Id.* (citing *Molski*, 500 F.3d at 1059). The Court agrees.

Third, Defendants contend that the record supports a finding that Mr. Eugster's litigation efforts have been frivolous and harassing. To evaluate whether a party's actions warrant such an order, courts in the Ninth Circuit often consider five factors: (1) the party's "history of litigation" and any duplicative or harassing suits; (2) whether the party has an objective good faith expectation of prevailing; (3) whether the party is represented by counsel; (4) whether the party has caused "needless expense" to others or posed an unnecessary burden on the courts; and (5) whether other sanctions would provide adequate protection. *Molski*, 500 F.3d at 1058. Defendants walk through each of these factors. *See* Dkt. #61 at 8–12. The Court has reviewed the extensive record, Defendants' briefing, and Mr. Eugster's briefing, and finds that each of these elements supports Defendants' requested relief. First, Mr. Eugster's eleven actions constitute a massive amount of duplicative litigation. That at least some of these litigation efforts are duplicative is obvious given that courts have previously dismissed on res judicata grounds; cases that are not directly duplicative are derivative. The record demonstrates clearly that much of that litigation is meant to harass Defendants, their counsel, and judges who ruled against him. *See Lundahl v. Nar Inc.*, 434 F. Supp. 2d 855, 859-60 (D. Idaho 2006) (finding harassment based on a "lengthy history of targeting the same defendant and any party previously associated with [prior] lawsuits, including judges, clerks, and attorneys.) The Court can also infer that these efforts are meant to harass. *See Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993); *Buster v. Greisen*, 104 F.3d 1186, 1189-90 (9th Cir. 1997). Second, courts have previously found that Mr. Eugster had no objective good faith expectation of prevailing. *See* Appendix at 75, 136-39, 232, 380, 524-25. Third, Eugster is himself an attorney and is not entitled to any deference as a pro se filer. Fourth, Defendants have submitted adequate evidence of needless expense based on Mr. Eugster's procedural practices.

*See* Dkt. #61 at 10–11. The Court finds that Mr. Eugster has posed an unnecessary burden on federal and state courts. Fifth, the Court finds that no other sanction would provide adequate protection, given that Mr. Eugster has so far failed to pay monetary fees ordered by this Court as a sanction. *See* Appendix at 666. Where prior sanctions have not deterred a vexatious litigant, a pre-filing order becomes appropriate. *See, e.g., Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Finally, Defendants assert that their requested pre-filing order is appropriately tailored. Dkt. #61 at 12–13. Defendants request the Court restrict Mr. Eugster from filing any lawsuits against the WSBA, its employees, or agents in federal court without this Court's permission. The Court agrees that such relief is proper given the numerous and varied suits Mr. Eugster has previously filed naming the WSBA and WSBA officials and employees. *Any* kind of lawsuit against such persons in federal court would raise the strong possibility of being filed for a frivolous and harassing purpose. Second, the WSBA requests that the Court restrict Mr. Eugster from filing any facial challenges to Washington's bar system in state court. Defendants point out that a federal court can enjoin future state court filings regarding matters already decided in federal court, to effectuate the federal court's judgments and prevent re-litigation. Dkt. #61 at 13 (citing *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003)). The Court agrees that such a restriction is warranted under the doctrine of res judicata and the record, and is permitted under the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *See G.C. & K.B., supra*. Finally, the WSBA requests that the Court restrict Mr. Eugster from asserting claims arising from his prior federal suits, in federal or state court. Dkt. #61 at 13 (citing *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1033-34 (9th Cir. 1985); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525-26 (9th Cir.

1983)). Mr. Eugster argues that these requests are "too broad and ill-defined," yet he fails to explain how this could be the case given the record. *See* Dkt. #63 at 7. Defendants point out on Reply that this proposed order will "not prevent Eugster from bringing valid claims on his own behalf or on behalf of his clients," instead requiring "pre-filing review only of certain limited categories of claims that Eugster already has had ample opportunity to litigate." Dkt. #66 at 7. The Court agrees and will grant Defendants' proposed relief.

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Steven K. Eugster is enjoined from filing any of the following without prior leave of this Court: (a) any lawsuit in federal court against the WSBA, its employees, or agents; (b) any lawsuit in a Washington State court bringing a facial challenge against Washington State's attorney bar system; and (c) any claims in federal or state court arising from one of Mr. Eugster's prior federal suits challenging Washington State's bar system. This injunction applies to Mr. Eugster as a party and in his role as an attorney.

2) In the future, if Mr. Eugster wishes to obtain leave of this Court to file such a lawsuit, he must first file a separate motion under Case No. 2:18-mc-66 RSM stating clearly what distinguishes the contemplated suit from all of his prior suits. He must attach a proposed copy of the complaint. He must further present a short description of the legal basis for each claim to be pursued, with brief citation to legal authorities in support. Mr. Eugster may then only file his proposed complaint in federal or state court if he obtains leave of this Court to do so.

3) A copy of this Order shall become the first document entered on the docket in Case No. 2:18-mc-66 RSM, which will be captioned "In re Stephen K. Eugster."

4) Should Mr. Eugster fail to comply with the conditions of this Pre-Filing Order, he may be subject to further sanctions, including but not limited to: a requirement that he post adequate surety to indemnify opposing parties, monetary penalties, and punishment for contempt of court.

DATED this 15th day of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE