UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT E. CARUSO and SANDRA L. FERGUSON,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE BAR ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. C17-00003RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR REVISED PRE-FILING ORDER |

This matter comes before the Court on Defendants' Motion for a Revised Pre-Filing Order against Plaintiff Robert E. Caruso's counsel, Stephen K. Eugster. Dkt. #81. Defendants' Motion is itself based on the Court's prior Pre-Filing Order, Dkt #68,[1] and on the Ninth Circuit's order vacating that Order and remanding for entry of a narrower pre-filing order tailored to the claims or challenges that Mr. Eugster has previously brought, Dkt. #80.

The Ninth Circuit found that this Court "gave Eugster notice and an opportunity to be heard, created an adequate record for review, and made substantive findings as to the frivolous or harassing nature of Eugster's prior actions." Dkt. #80 at 2. This case was remanded solely for the Court "to enter a pre-filing order that is narrowly tailored to the claims that Eugster has previously brought." *Id.* Accordingly, the Court's determination that Mr. Eugster is a vexatious

---

[1] The Court incorporates by reference the factual and legal findings of the Court's prior Order, which are well known to these parties. *See* Dkt. #68.

REVISED PRE-FILING ORDER - 1

litigant has been upheld on appeal, and the only task before the Court is to narrow the pre-filing order against Mr. Eugster to the claims and challenges he has previously litigated.

The Court has reviewed the briefing of the parties and finds that Defendants have set forth a proposed pre-filing order that properly responds to the concerns of the Ninth Circuit. Mr. Eugster's opposition challenges the conclusion of the Ninth Circuit that he is a vexatious litigant and that there is an adequate record to enter a narrowly tailored pre-filing order. *See* Dkt. #83 at 7-8. The Court is not going to overrule the Ninth Circuit (and its own) rulings on these issues. The Court agrees with Defendants that Mr. Eugster's arguments are "irrelevant, meritless, and ignore not only the record but also the prior orders from this Court and the Ninth Circuit, only underscoring the need for a pre-filing order against him." Dkt. #85 at 2. The record is adequate to support this pre-filing order.

For the reasons stated in this Court's prior Pre-Filing Order, Dkt. #68, and in satisfaction of the Ninth Circuit's directions on remand, Dkt. #80, the Court hereby finds and ORDERS:

1) Stephen K. Eugster is enjoined from filing any of the following in federal or state court against the WSBA, its employees, or agents, without prior leave of this Court:

    a. a challenge to mandatory bar membership, *see* Dkt. #62-1 at 108, 440, 453; Dkt. #62-2 at 160-61, 220, 343-46;

    b. a challenge to the imposition or use of attorney license fees, *see* Dkt. #62-1 at 108, 441-45, 453; Dkt. #62-2 at 157-60, 197-98, 220, 343-46;

    c. a challenge to lawyer discipline rules, practices, or procedures, *see* Dkt. #62-1 at 234, 378-79, 445, 453; Dkt. # 62-2 at 220, 345;

    d. a challenge to the inclusion of limited-license practitioners as WSBA members, *see* Dkt. #62-1 at 446, 453; Dkt. #62-2 at 147, 192-93, 228;

  e. a challenge to the WSBA as an alleged monopoly over the practice of law, *see* Dkt. #62-2 at 225, 347-48; or

  f. a claim arising from one of Mr. Eugster's prior federal suits asserting such challenges or claims, *see* Dkt. #62-1 at 293-300; Dkt. #62-2 at 17, 99, 326-35, 365-70.

2) In the future, if Mr. Eugster wishes to obtain leave of this Court to file such a lawsuit, he must first file a separate motion under Case No. 2:18-mc-66 RSM stating clearly what distinguishes the contemplated suit from all of his prior suits. He must attach a proposed copy of the complaint. He must further present a short description of the legal basis for each claim to be pursued, with brief citation to legal authorities in support. Mr. Eugster may only file his proposed complaint in federal or state court if he obtains leave of this Court to do so.

3) A copy of this Order shall be entered on the docket in Case No. 2:18-mc-66 RSM and will supersede the pre-filing order previously entered.

4) Should Mr. Eugster fail to comply with the conditions of this Pre-Filing Order, he may be subject to further sanctions, including but not limited to: a requirement that he post adequate surety to indemnify opposing parties, monetary penalties, and punishment for contempt of court.

DATED this 29 day of April 2019.

             RICARDO S. MARTINEZ
             CHIEF UNITED STATES DISTRICT JUDGE