UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT E. CARUSO and SANDRA L. FERGUSON,

Plaintiffs,

v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

Defendants.

Case No. C17-00003RSM

ORDER GRANTING LEAVE TO FILE AND DENYING MOTION FOR RELIEF UNDER RULE 60

This matter comes before the Court on Mr. Eugster's Motion for Leave to file a Motion under Rules 60(b)(3), 60(b)(6), and 60(d)(3) seeking to vacate decisions and orders in this case, and the attached Rule 60 Motion. Dkts. #87 and #87-1. The Court will grant Mr. Eugster leave to file the instant Rule 60 Motion, as it is not strictly subject to the bar order. *See* Dkt. #86. However, the Court finds it can rule on this Motion without responsive briefing.

Mr. Eugster is seeking relief from orders and judgments that were decided over a year ago and have already been the subject of appeal, and that this Rule 60 Motion is procedurally deficient and untimely. On this basis alone the Court can deny the Motion.

However the Court has also reviewed Mr. Eugster's substantive arguments. Mr. Eugster is attempting to relitigate this case. Mr. Eugster's Motion is based on the repeated assertion that Defendants made ad hominem arguments in briefing over two years ago. *See* Dkt. #87-1. By

ORDER GRANTING LEAVE TO FILE AND DENYING MOTION FOR RELIEF UNDER RULE 60 - 1

the Court's count, the phrase "ad hominem" appears 35 times. Finding some of an opponent's arguments to be ad hominem alone does not render the remainder of the briefing or the Court's Orders invalid. These are not magic words. Although Mr. Eugster was not personally the subject of his clients' claims in this case, Defendants' references in briefing to Mr. Eugster's numerous prior filings addressed legal issues before the Court and were relevant. Even if all of the references to Mr. Eugster were not relevant, such does not invalidate the Court's prior rulings, which were based on the entire record. Such references do not constitute misrepresentation or misconduct under Rule 60(b)(3). Mr. Eugster has presented no evidence of fraud on the Court under Rule 60(d)(3). He introduces no valid basis for the Court to question its prior rulings or those of the Ninth Circuit.

Notably, in the end, Mr. Eugster is left arguing the Court "must, of necessity, act on the basis of Fed. R. Civ. P. 60(b)(6)," with an argument section that states, in its entirety: "[w]hat the Bar Association and its lawyers have done is extraordinary, and cynical." This is assertion without proof—ipse dixit.

Given all of the above, the Court finds and ORDERS that Mr. Eugster's Motion for Leave, Dkt. #87, is GRANTED, and that Mr. Eugster's Motion under Rule 60, Dkt. #87-1, is DENIED. This case is CLOSED.

DATED this 28 day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING LEAVE TO FILE AND DENYING MOTION FOR RELIEF UNDER RULE 60 - 2